28 C.C.P.A. (Patents)

## In re WELTER.

Patent Appeal No. 4472.

Court of Customs and Patent Appeals.

June 9, 1941.

Rehearing Denied July 3, 1941.

J. Preston Swecker, of Washington, D. C. (Russell B. Griffith, of Rochester, N. Y., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

After allowing a number of claims in appellant's application for a patent on "Improvements in Printing Machines" the Primary Examiner of the United States Patent Office rejected claims 2, 3, 5, 8, 9 and 23. The examiner's decision was affirmed upon appeal to the Board of Appeals, and from the board's decision appellant has appealed here. In this court, appellant moved to dismiss the appeal as to claim 23, which motion will be granted. This leaves for consideration claims 2, 3, 5, 8 and 9, of which claim 2 is regarded as illustrative and follows: "2. In a check signing machine, the combination with a casing embodying an upper closed section, a base section, and an intervening bed plate, there being a slot between the sections to permit a check to be inserted on the bed plate, of a printing couple comprising a movable platen in one section and a fixed die holder in the other section, said latter section being provided with openings in opposite sides thereof in alinement with and of approximately the proportions of the die holder,

a die bearing a longitudinally extending signature type detachably and interchangeably supported by the dieholder to be inserted and removed endwise. through one of said openings, a second die also bearing a like signature type detachably and interchangeablly supported by the same die hold-'er to be inserted and removed through the other of said openings, and a gauge for positioning the. check with its signature line beneath the die in any position of the check."

The references relied upon are: Bohrer et al., 1,787,234, Dec. 30, 1930; Phinney, 1,843,732, Feb. 2, 1932; Woodward et al., 1,909,141, May 16, 1933; Welter, 1,959,186, May 15, 1934; Hoffman, 2,033,936, March 17, 1936.

While the title of the application refers to printing machines, appellant urges that his device is a check-signing machine. Appellant's device is quite complicated, requiring many pages of description in the specification and eight pages of drawings. Since the main question, if not the only question, involves applying the law to a statement of facts concerning which there is no substantial disagreement, it will not be necessary to go into great detail in describing the various units which compose the combination, to recite their functions and relation to each other, or to discuss the references relied upon. The claims sufficiently show the various elements which constitute appellant's machine.

We have examined with great care the various references cited and find that the examiner has correctly stated the nature of the pertinent disclosures in them. Subject to the qualifications hereinafter stated, it is not disputed by appellant that the references disclose each of the elements of the appealed claims in the manner in which the examiner has stated.

The examiner rejected the appealed claims on the principal reference Hoffman in view of the disclosures in the other references cited. His discussion of the references and the application thereof to the structure of the appealed claims is so thorough that we deem it unnecessary to make an independent statement of the same subject matter here. Suffice it to say that all the elements of appellant's device, considered separately, are disclosed in the prior art. Indeed, from a reading of appellant's reasons of appeal to this court it would appear that appellant does not claim that there is any novel element involved in any of the appealed claims.

While we will not quote at length from the examiner's opinion, we think the following language found therein is quite pertinent:

"It is considered to involve nothing more than a matter of choice to provide the type in the holders * * * shown by Hoffman with type to print either right side up or upside down. The patents to Welter, Woodward, and Phinney all disclose it to be old to use insertable and removable dies in check printing machines to print signature designations on the checks and no invention is seen in providing the type in the holder * * * shown by Hoffman with signature printing faces if it is desired to use the Hoffman structure for printing on checks. Also it is common to provide such check printing machines with gauges to facilitate the positioning of the check with its printing line beneath the printing dies in any position of the check as shown in the patents to Bohrer and Welter.

"Claims 2, 5, 8, and 9 include the use of two signature dies with the applicant's structure but no invention can be seen in using a similar arrangement of insertable dies, provided with suitably arranged printing type, with the structure disclosed in the Hoffman patent.

"It is submitted that the final rejection of the above claims on the references of record is proper since the claims fail to include structure distinguishing in a patentable manner over the structure disclosed in the references."

The Board of Appeals did not discuss the references at length, but said:

"Applicant relies on the difference in purpose of his construction to differentiate from Hoffman and the other references and also on the inherent nature of signature type as distinguished from a column of figures type. We see no patentable relation between the interchangeable dies as it is a mere matter of choice which die to use and in so far as the structure of the apparatus is concerned, we agree with the examiner that such structure is a mere non-inventive aggregative assemblage of prior art devices by mechanical expediency only.

"The decision of the examiner is affirmed."

As before indicated, appellant's reasons of appeal do not challenge the finding of the board, approving that of the examiner, that each of the elements of the counts is disclosed in the prior art cited. The bur-

den of appellant's argument here is that the board was wrong in affirming the examiner's rejection on the ground that it would not be inventive in view of the prior art cited to construct appellant's device, and that the board was in error in holding that the claims defined "a mere non-inventive aggregative assemblage of prior art devices by mechanical expediency only." Appellant stresses the argument that nowhere in the prior art is there disclosed a machine, having the capabilities of bringing about the desired result, such as the one disclosed in his application, and that it required invention to make the combination represented by the device at bar.

Appellant also stresses the fact that his device, unlike any prior art device, has "multiple interchangeable signature dies mounted in a single die holder and introduced through openings in respective opposite sides of the casing, one of which is capable of a normal signature, and the other, an up-side-down signature on the same check, a result that cannot be accomplished in any of the references, either in the structures provided or in any obvious modification thereof." Appellant further argues that "the conception of the desired result, which is the germ of any invention, was not apprehended by any of the prior patentees."

The claims at bar are structure claims, and the structure must be looked to in determining whether or not invention rested in its production. We are in agreement with the views expressed by the tribunals below that combining the features in the old art, together with such modifications as appellant may have made in the individual features, required the exercise of nothing more than mechanical skill.

It is argued at considerable length that invention often rests in new combinations of old elements. It is very true that quite often invention of a high order rests in conceiving and bringing about a new and useful result by the combination of old elements. However, if each of the assembled elements, old in the art, perform the same function in the new combination which they performed in the old devices, the result obtained, although an improved one, could hardly be said to be unexpected.

It is not seen how appellant's combination, in view of the prior art, could have been the result of invention, when it would be obvious to one skilled in the art that each of the assembled elements would perform in the new combination in substantially the same manner as it did in the old.

The combining of the good features of old art teachings, generally speaking, belongs in the realm of those skilled in the art. While there are exceptions to this rule, as there are to all other rules, we do not believe such an exception is presented here.

The appeal as to claim 23 is dismissed and the decision of the Board of Appeals, affirming that of the examiner, is affirmed.

Affirmed.